# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## *Hearing Information:*

|  |  |  |  |
|---|---|---|---|
| **Debtor:** | SANG NGOC NGUYEN | | |
| **Case Number:** | 2:21-BK-00993-EPB | **Chapter:** | 13 |
| **Date / Time / Room:** | THURSDAY, APRIL 14, 2022 10:00 AM   TELEPHONIC HRGS | | |
| **Bankruptcy Judge:** | EDDWARD P. BALLINGER JR. | | |
| **Courtroom Clerk:** | DAWN SAUCIER | | |
| **Reporter / ECR:** | SHARON GIFFORD | | |

## *Matter:*

CONTINUED STATUS HEARING

**R / M #:**   22 / 0

## *Appearances:*

RACHEL FLINN, ATTORNEY FOR RUSSELL BROWN, TRUSTEE
AARON BERKLEY, ATTORNEY FOR SANG NGOC  NGUYEN
JESSICA BOWSER, CREDITOR

# Minute Entry

(continue)...    2:21-BK-00993-EPB                THURSDAY, APRIL 14, 2022 10:00 AM

## *Proceedings:*

Mr. Berkley indicates that he has provided everything to Ms. Bowser and is waiting for sign-off.

Ms. Bowser expresses her concern that the debtor intentionally failed to include child support payments in Schedules I and J to avoid reporting a negative disposal income.  Now that the debtor was forced to report the child support obligations, Ms. Bowser claims that this will result in a $60,000 reduction in the debtor's reported expenses for the five-year period, with only an additional $10,000 going into the funding of the plan, resulting in a $50,000 windfall to the debtor.

The Court asks Ms. Bowser for clarification of her concerns and the effect that the amended Schedules I and J will have on the amount of money that she will receive under the plan.

Ms. Bowser admits that of the $10,000 going into the plan for unsecured creditors, she will receive half.  Ms. Bowser claims that, by relieving the debtor of the $60,000 support obligation, this will result in the debtor having $60,000 in additional disposable income without a corresponding increase in payments to the plan.  By initially omitting the support obligation payments on the schedules, Ms. Bowser claims the debtor was misrepresenting his expenses to the Court. Ms. Bowser also disputes the debtor's claim of making $2,000 in monthly rent payments to his parents, because she contends he never paid rent to his parents during the time they resided together in the home.

The Court asks Ms. Bowser what she would like the Court to do.

Ms. Bowser indicates that she has spoken with an attorney regarding a possible bad-faith lawsuit against the debtor for misrepresenting his expenses in the bankruptcy filing.  She is asking the Court to order that the $60,000 now listed by the debtor as an expense be redirected into the plan, so that the debtor will not benefit from a $50,000 windfall and she will receive more money under the plan.

The Court inquires of Ms. Flinn as to the trustee's position on the matter.

Ms. Flinn indicates that she has spoken with Ms. Bowser regarding her concerns.

# Minute Entry

Based on a review of the debtor's pay stubs and amended schedules, it is the trustee's position that the debtor will actually have somewhat less net income than previously disclosed and it does not appear to the trustee that the debtor has failed to disclose any sources of income.  It is the trustee's position that the debtor is paying all disposable income into the plan.  Ms. Flinn is ready to sign off on the plan pending Ms. Bowser's approval.

The Court explains to Ms. Bowser that it is aware of her concerns and allegations and that she is free to pursue her legal options; however, the Court indicates that it intends to move forward with the plan.

Ms. Bowser reasserts her position that the debtor will receive a $50,000 windfall from the plan and explains to the Court how she arrived at that amount.  Ms. Bowser again disputes the debtor's claim of rent payments on a home that Ms. Bowser claims is owned by the debtor's family.

The Court explains to Ms. Bowser that the trustee, as a fiduciary, is satisfied that the debtor's financial assertions are valid.  Thus, the Court concludes that there is no legal impediment at this point to the plan going forward.

In response to the Court's inquiry, Mr. Berkley indicates that the debtor has submitted a new form of confirmation order as well as a liquidation analysis.

Ms. Flinn indicates that there a few minor items that require verification from Mr. Berkley before the plan can be submitted, including information regarding some payments made to a family member, endorsement of the SOC by Ms. Bowser, a copy of the 401(k) loan documents, a signed waiver for the preferential payment made to Jillian Nguyen, and a statement regarding the nature of the transfer to Samantha Nguyen.  Ms. Flinn requests a two-week continuance of the confirmation hearing.

COURT:  IT IS ORDERED continuing the hearing to May 10, 2022, at 10:00 a.m.