Kenneth L. Neeley, 025899
Nicholas T. Van Vleet, 026933
Karen G. Bentley, 034148
Geoffrey M. Khotim, 019513
**Neeley Law Firm, PLC**
1120 S. Dobson Rd., Ste. 230
Chandler, AZ 85286
Phone: 480.802.4647 | Fax: 480.907.1648
ECF@neeleylaw.com
*Attorneys for Creditor, Jessica Bowser*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>**SANG NGOC NGUYEN**,<br><br>Debtor. | In Proceedings Under Chapter 13<br><br>Case No.: 2:21-bk-00993-EPB<br><br>**APPLICATION FOR DEBTOR'S EXAMINATION AND PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004** |

Pursuant to Rule 2004(a) through (c) of the FEDERAL RULES OF BANKRUPTCY PROCEDURE, Jessica Bowser ("Bowser"), creditor and party-in-interest in the above-captioned Chapter 13 bankruptcy proceeding ("Bankruptcy Case"), hereby requests that this court enter an order directing SANG NGOC NGUYEN ("Debtor") to: (i) within (21) days of the entry of an order granting this Application, produce for inspection and copying at NEELEY LAW FIRM, PLC, 1120 S. Dobson Rd., Ste. 230, Chandler, Arizona, 85286, the documents listed on **Exhibit "A"**, which accompanies this Application, and (ii) if needed, appear for an examination on a date and time agreeable to the parties, or, if upon written notice, after not less than twenty-one (21) days' notice, at NEELEY LAW FIRM, PLC, 1120 S. Dobson Rd., Ste. 230, Chandler, Arizona, 85286 or via Zoom conference or other videoconference technology.

## MEMORANDUM OF POINTS AND AUTHORITIES

Bankruptcy Rule 2004 provides, in relevant part, that on motion of any party-in-interest, the Court may order the examination of the debtor or any

entity or person regarding the acts, conduct, property, liabilities and financial conditions of the debtor, or any other matter which affects the administration of the debtor's estate. Rule 2004 further provides that production of documents may be compelled. "The scope of inquiry under Bankruptcy Rule 2004 is very broad. Great latitude of inquiry is ordinarily permitted." *In re MITTCO, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("[Rule 2004] can be legitimately compared to a fishing expedition.").

The purpose of Rule 2004 is "to allow the court to gain a clear picture of the condition and the whereabouts of the bankrupt's estate." *In re international Fibercom*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002) (citations omitted); *see also In re Bibhu LLC*, 2019 WL 171550, at *2 (Bankr. S.D.N.Y. Jan. 10, 2019) ("The purpose of a Rule 2004 examination is to discover the nature and extent of the bankruptcy estate in order to distribute the debtor's assets for the benefit of its creditors.") (citations omitted). Put differently, "[t]he purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); see also *In re St. Clair*, 533 B.R. 31, 40 (Bankr. E.D.N.Y. 2015) (recognizing the same); *In re Parikh*, 397 B.R. 518, 526 (Bankr. E.D.N.Y. 2008) ("The primary purpose of allowing broad discovery in Rule 2004 examinations is to expedite the locating of assets of the estate.").

Jessica Bowser seeks the production of documents from Debtor and, if needed, Debtor's examination for the following reasons:

1. To conduct discovery into the Debtor's finances and financial history, including, but not limited to, any avoidable transfers that may be recovered for the benefit of the Debtor's bankruptcy estate and creditors.

2. To conduct discovery into the Debtor's assets.
3. To conduct discovery into any transfers of any assets, whether direct or indirect, between the Debtor and other parties.
4. To conduct discovery into the Debtor's finances and financial history, including, but not limited to, to determine if the Debtor's Chapter 13 complies with the Bankruptcy Code and whether the Debtor is submitting all of his disposable income into the Chapter 13 plan.

In addition to the production of documents listed in Exhibit "A", Jessica Bowser seeks, if needed, to examine the Debtor on the following topics:

1. The Debtor's finances and financial history, including, but not limited to, any avoidable transfers that may be recovered for the benefit of the Debtor's bankruptcy estate and creditors.
2. The Debtor's assets.
3. Any and all transfers of any assets, whether direct or indirect, between the Debtor and other parties.
4. The Debtor's communications with regards to Debtor's finances and financial history, and assets.
5. The Debtor's communications with any person regarding finances and financial history, and assets.
6. Debtor's communications with any other person or entity regarding the foregoing.
8. Any and all Documents produced by and/or requested regarded the foregoing.

WHEREFORE, Jessica Bowser respectfully requests that this Court enter an order authorizing the production of documents from Debtor and, if needed, Debtor's examination. A proposed order granting this Application is attached as Exhibit "1."

A Notice of Lodging Order has been filed concurrently herewith.

| | |
|---|---|
| DATED: May 9, 2022 | **NEELEY LAW FIRM, PLC** |
| | */s/ Kenneth L. Neeley*<br>Kenneth L. Neeley<br>Nicholas T. Van Vleet<br>Karen G. Bentley<br>Geoffrey M. Khotim<br>Neeley Law Firm, PLC<br>1120 S. Dobson Rd., Ste. 230<br>Chandler, AZ 85286<br>*Attorneys for Creditor, Jessica Bowser* |

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing which electronically transmits a Notice of Electronic Filing to the following CM/ECF registrants:

*/s/ Telina Thurman*

# EXHIBIT A

## GENERAL DEFINITIONS

1. "Debtor" shall mean SANG NGOC NGUYEN, a/k/a SANG NGUYEN, and all agents, employees, associates, representatives, and attorneys acting on behalf of Debtor.
2. "Bowser" shall mean Jessica Bowser. and all agents, employees, associates, representatives, and attorneys acting on behalf of Jessica Bowser.
3. "Kenneth L. Neeley" shall mean Kenneth L. Neeley and all agents, employees, associates, representatives, and attorneys acting on behalf of Kenneth L. Neeley.
4. "Neeley Law Firm, PLC" shall mean Neeley Law Firm, PLC and all agents, employees, associates, representatives, and attorneys acting on behalf of Kenneth L. Neeley.
5. "Any," "each" and "all" shall be read to be all inclusive, and to require the provision of any and all information responsive to the particular request in which such term appears.
6. "And" and "or" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively so as to require the provision of any and all information responsive to all or any part of each particular request in which any conjunction or disjunction appears.
7. The singular form of any word shall include the plural and vice versa. Masculine, feminine, or neutral pronouns shall include all other genders.
8. "Person" means an individual, firm, corporation, company, proprietorship, partnership, association, joint venture, organization, government agency or any other form of legal entity. All references to

persons or entities also include all persons and entities acting on his, her, their, or its behalf.

9. Present Date means May 9, 2022.
10. Any entity, group, or individual referenced is defined as the entity, group, or individual and all past and present officers and directors, employees, representatives, agents, and attorneys of such entity, group or individual.
11. "Communication" means any exchange or transfer of information between two or more persons, whether written, oral, electronic, or in any other form, and any documents, notes, memoranda, or other writings reflecting the substance of the communication. "Communication" includes, but is not limited to, telephone calls, text messages, emails, voicemails, social media posts, faxes, instant messages through an app or platform, and direct messages through an app or social media platform.
12. The term "Document" or "Documents" includes all electronically stored information, including any and all metadata associated with that media and files that may have been deleted but not yet overwritten, or other tangible forms in which information is stored and includes all written or graphic matter of every kind and description, however produced or reproduced, WHETHER DRAFT OR FINAL, original or reproduction, including, but not limited to, all forms of correspondence, letters, memoranda, notes, films, transcripts, contracts, agreements, licenses, memoranda of telephone conversations or personal conversations, electronic mail, instant messages, text messages, social media posts, social media messages, social media instant messages, telegrams, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, minutes of meetings, interoffice communications, checks, financial statements, ledgers, books of account, proposals, offers, orders, receipts, working

papers, desk calendars, appointment books, diaries, time sheets, logs, tapes for visual or audio reproduction, recordings or materials similar to any of the foregoing, however denominated, and including writings, drawings, graphs, charts, photographs, data processing results, printouts and computations (both in existence and stored in memory components), and other compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. THE TERM "DOCUMENT" INCLUDES ALL COPIES OF A DOCUMENT WHICH CONTAIN ANY ADDITIONAL WRITING, UNDERLINING, NOTES, DELETIONS, OR ANY OTHER MARKINGS OR NOTATIONS, OR ARE OTHERWISE NOT IDENTICAL COPIES OF THE ORIGINAL.

13. The terms "evidencing," "concerning," "relating to," "related to," "referring to," "regarding," and "reflecting" mean, in addition to their dictionary definitions, indicating, explaining, involving, responding to, concerning, referencing, connected with, commenting on, in respect of, about, discussing, showing, demonstrating, memorializing, describing, mentioning, reflecting, analyzing, comprising, supporting, contradicting, sustaining, constituting, evidencing, and pertaining to, whether in whole or in part.

## DOCUMENT REQUESTS

1. Bank statements for all bank accounts held in the Debtor's name individually, or held jointly, for the period of September 1, 2021, to the Present Date, including, but not limited to, all statements for the Bank of America accounts listed on the Debtor's bankruptcy schedules and statements.
2. All of Debtor's paystubs from all employers received by the Debtor for the period of December 1, 2021, to the Present Date.

3. Proof of all rent payments paid by the Debtor for residential rent paid from September 1, 2021, to the Present Date, including, but not limited to, receipts for rent, bank statements showing payment of rent and any other evidence supporting the rent Debtor paid, and the rent disclosed on the Debtor's bankruptcy schedules and statements.
4. Any and all residential lease agreements currently entered into by the Debtor with any and all landlords.
5. Proof of payment for the Debtor's expense of $450 per month for phone, cell phone, internet, satellite and cable listed on Debtor's Schedule J, including billing statements, receipts, bank statements, etc. for the period of September 1, 2021, to the Present Date.
6. Proof of payment of the monthly expense of food in the amount of $900 per month listed on Debtor's Schedule J for the period of September 1, 2021, to the Present Date, including, but not limited to, receipts, bank statements and any other evidence establishing or support the $900 food expense.
7. Proof of the expense, including, but not limited to, proof of payment of the $400 childcare/children's education expense listed on Debtor's Schedule J for the period of September 1, 2021, to the Present Date, including receipts, bank statements, any agreements with childcare facilities, and any other evidence establishing Debtor's payment of this expense.
8. Proof of the expense, including, but not limited to, proof of payments for the healthcare expense of $850 listed on Debtor's Schedule J, for the period of September 1, 2021, to the Present Date, including receipts, bank statements, and any other evidence establishing Debtor's payment of this expense.

9. Proof of the expense, including, but not limited to, proof of payments for the gym membership expense of $120 listed on Debtor's Schedule J, for the period of September 1, 2021, to the Present Date, including receipts, bank statements, and any other evidence supporting Debtor's payment of this expense.
10. All proof of payments and transfers of money, including, but not limited to, dates of payments, made by the Debtor to Randy Nguyen for rent or mortgage or any other reason for the period of February 10, 2022, to the Present Date.
11. All proof of payments and transfers of money, including, but not limited to, dates of Payments, made by the Debtor to Jillian Nguyen for any reason for the period of February 10, 2022, to the Present Date.
12. Copies of all loan documents, and any other documents, evidencing any and all loans made between the Debtor and Jillian Nguyen.
13. A written explanation of the pay stub deductions listed as "Not Displayed" on the Debtor's pay stubs for the period of September 1, 2021, to the Present Date.